United States Bankruptcy Court

Eastern District of Pennsylvania

In re:                                                                                                  Case No. 18-16869-elf

Alejandro Franco Tovar                                                                  Chapter 13

    Debtor(s)

# CERTIFICATE OF NOTICE

| District/off: 0313-2 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Nov 06, 2020 | Form ID: 3180W | Total Noticed: 11 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| # | Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 08, 2020:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Alejandro Franco Tovar, 405 E. Anglesey Terrace, West Chester, PA 19380-2129 |
| 14262320 | + | LSF11 Master Participation Trust, 13801 Wireless Way, Oklahoma City, OK 73134-2500 |
| 14301464 | #+ | Law Office of Stephen Ross, P.C., 152 E. High Street, Suite 100, Pottstown, PA 19464-5480 |
| 14222029 | + | The Bank of New York Mellon Trustee (See 410), c/o Specialized Loan Servicing LLC, 8742 Lucent Blvd, Suite 300, Highlands Ranch, Colorado 80129-2386 |
| 14249539 | + | WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRIST, 9990 Richmond Ave. Suite 400 South, Houston, TX 77042-4546 |
| 14237161 | + | West Whiteland Township, c/o Portnoff Law Associates, Ltd., P.O. Box 3020, Norristown, PA 19404-3020 |

TOTAL: 6

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| smg | | Email/Text: megan.harper@phila.gov | Nov 07 2020 02:03:00 | City of Philadelphia, City of Philadelphia Law Dept., Tax Unit/Bankruptcy Dept, 1515 Arch Street 15th Floor, Philadelphia, PA 19102-1595 |
| smg | + | Email/Text: usapae.bankruptcynotices@usdoj.gov | Nov 07 2020 02:03:00 | U.S. Attorney Office, c/o Virginia Powel, Esq., Room 1250, 615 Chestnut Street, Philadelphia, PA 19106-4404 |
| 14213621 | | EDI: IRS.COM | Nov 07 2020 05:48:00 | Internal Revenue Service, 600 Arch Street, RM 5200, Philadelphia, PA 19106 |
| 14217139 | | Email/Text: RVSVCBICNOTICE1@state.pa.us | Nov 07 2020 02:03:00 | Pennsylvania Department of Revenue, Bankruptcy Division PO Box 280946, Harrisburg, PA 17128-0946 |
| 14244074 | | EDI: WFFC.COM | Nov 07 2020 05:48:00 | Wells Fargo Bank, N.A., 1000 Blue Gentian Road N9286-01Y, Eagan, MN 55121-7700 |

TOTAL: 5

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| smg | * | Pennsylvania Department of Revenue, Bankruptcy Division, P.O. Box 280946, Harrisburg, PA 17128-0946 |
| 14244127 | * | WELLS FARGO BANK N.A., 1000 BLUE GENTIAN ROAD N9286-01Y, EAGAN, MN 55121-7700 |

TOTAL: 0 Undeliverable, 2 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and**

Case 18-16869-elf    Doc 78    Filed 11/08/20    Entered 11/09/20 00:45:18    Desc Imaged
Certificate of Notice    Page 2 of 4

| District/off: 0313-2 | User: admin | Page 2 of 2 |
|---|---|---|
| Date Rcvd: Nov 06, 2020 | Form ID: 3180W | Total Noticed: 11 |

**belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 08, 2020              Signature:     /s/Joseph Speetjens

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 5, 2020 at the address(es) listed below:

| Name | Email Address |
|---|---|
| HEATHER STACEY RILOFF | on behalf of Creditor Seterus Inc., as the authorized subservicer for Federal National Mortgage Association ("Fannie Mae") heather@mvrlaw.com, Michelle@mvrlaw.com |
| JAMES RANDOLPH WOOD | on behalf of Creditor West Whiteland Township jwood@portnoffonline.com jwood@ecf.inforuptcy.com |
| JEROME B. BLANK | on behalf of Creditor Ditech Financial LLC paeb@fedphe.com |
| JEROME B. BLANK | on behalf of Creditor LSF11 Master Participation Trust paeb@fedphe.com |
| JILL MANUEL-COUGHLIN | on behalf of Creditor WELLS FARGO BANK  N.A. bankruptcy@powerskirn.com |
| JOSEPH L QUINN | on behalf of Debtor Alejandro Franco Tovar CourtNotices@rqplaw.com |
| KARINA VELTER | on behalf of Creditor WELLS FARGO BANK  N.A. amps@manleydeas.com |
| KEVIN M. BUTTERY | on behalf of Creditor Wilmington Savings Fund Society  FSB, et als cdigianantonio@rascrane.com |
| LAUREN BERSCHLER KARL | on behalf of Creditor Wilmington Savings Fund Society  FSB, et als lkarl@rascrane.com, lbkarl03@yahoo.com |
| LAUREN BERSCHLER KARL | on behalf of Creditor Ditech Financial LLC lkarl@rascrane.com  lbkarl03@yahoo.com |
| MARIO J. HANYON | on behalf of Creditor Ditech Financial LLC paeb@fedphe.com |
| REBECCA ANN SOLARZ | on behalf of Creditor The Bank of New York Mellon  f/k/a The Bank of New York, successor in interest to JPMorgan Chase Bank, N.A. as Trustee for Structured Asset Mortgage Investments II Inc., Bear Stearns ALT-A Trust, Mort bkgroup@kmllawgroup.com |
| REBECCA ANN SOLARZ | on behalf of Creditor The Bank of New York Mellon  f/k/a The Bank of New York et al ... bkgroup@kmllawgroup.com |
| ROBERT J. DAVIDOW | on behalf of Creditor U.S. BANK TRUST  N.A., AS TRUSTEE FOR LSF11 MASTER PARTICIPATION TRUST robert.davidow@phelanhallinan.com |
| THOMAS YOUNG.HAE SONG | on behalf of Creditor LSF11 Master Participation Trust paeb@fedphe.com |
| THOMAS YOUNG.HAE SONG | on behalf of Creditor Ditech Financial LLC paeb@fedphe.com |
| United States Trustee | USTPRegion03.PH.ECF@usdoj.gov |
| WILLIAM C. MILLER, Esq. | ecfemails@ph13trustee.com  philaecf@gmail.com |

TOTAL: 18

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | Alejandro Franco Tovar<br>First Name  Middle Name  Last Name | Social Security number or ITIN   xxx–xx–1332<br>EIN   _ _–_ _ _ _ _ _ _ |
| Debtor 2<br>(Spouse, if filing) | First Name  Middle Name  Last Name | Social Security number or ITIN  _ _ _ _<br>EIN   _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | Eastern District of Pennsylvania | |
| Case number: | 18–16869–elf | |

# Order of Discharge    12/18

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

    Alejandro Franco Tovar
    fka Alejandro Franco

11/5/20                                                    **By the court:** Eric L. Frank
                                                                                 United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2>**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**